IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAGNOLIA PEARL, LLC and<br>MAGNOLIA PEARL TEXAS, LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>APT DESIGNS INC. *d/b/a*<br>THE PAPER LACE,<br><br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:23-CV-1315-DII |

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendant APT Designs Inc. d/b/a The Paper Lace's ("Defendant") motion to dismiss, (Dkt. 7). (R. & R., Dkt. 22). Plaintiffs Magnolia Pearl, LLC and Magnolia Pearl Texas, LLC (collectively, "Plaintiffs") timely filed objections to the report and recommendation. (Objs., Dkt. 24). Defendant filed a response to Plaintiffs' objections. (Resp., Dkt. 27).

This case concerns a complaint for declaratory judgment. (Dkt. 1) Plaintiffs are companies that design and make high-end clothes and accessories. (*Id.* ¶ 7). Plaintiffs sell their clothes and accessories through independent retailers, a large retail operation, its own retail locations, and its website. (*Id.*). On September 11, 2023, Plaintiffs sent an acknowledgement form to boutiques that carry their products requesting that the boutiques acknowledge Plaintiffs' policy to "only authorize and sell products to retailers who do not carry brands that dilute the Magnolia Pearl brand including . . . The Paper Lace." (*Id.* ¶ 9; Acknowledgement Form, Dkt. 1-2). On October 16, 2023, Defendant sent a demand letter to Plaintiffs stating that Plaintiffs' acknowledgement form caused at least seven retailers to stop doing business with Defendant, which in turn cost Defendant to lose $29,218.32 in revenue. (Demand Letter, Dkt. 1-3). In the letter, Defendant asserted that Plaintiffs'

1

acknowledgement form constituted defamation or tortious interference. In consideration for timely payment of $29,218.32 in damages and other conditions, Defendant stated it would release Plaintiffs from liability for defamation and tortious interference. However, if no payment was received, Defendant threatened to file suit in Georgia for defamation, tortious interference with contract, and Defendant's "continuing attorney's fees." (Compl. ¶¶ 40–42, Demand Letter, Dkt. 1-3).

On October 30, 2023, Plaintiffs filed this declaratory judgment action under diversity jurisdiction seeking a declaration that Plaintiffs had neither defamed Defendant nor tortiously interfered with Defendant's business relationships. (Dkt. 1). Defendant then moved to dismiss this case on three grounds. (Dkt. 7). Defendant first argued that the Court lacks diversity jurisdiction because the amount in controversy requirement is not met. Second, Defendant argued Plaintiffs' claims are an improper preemptive strike that misuse the federal Declaratory Judgment Act and fail to state a claim for which relief may be granted. Finally, Defendant argued that Plaintiffs failed to establish that the Court has personal jurisdiction over Defendant and that Texas is the proper forum for this suit. (*Id.*). On March 27, 2024, this Court issued a text order referring Defendant's motion to dismiss to United States Magistrate Judge Mark Lane for a report and recommendation.

On July 25, 2024, Judge Lane issued a report and recommendation in which he recommended that this Court grant Defendant's motion to dismiss. (R. & R., Dkt. 22). Judge Lane found that Plaintiffs had not established that their declaratory judgment action involved more than $75,000 in controversy. (*Id.* at 5). Judge Lane rejected two of Plaintiffs' arguments as to why the amount in controversy requirement was satisfied. First, Plaintiffs argued that the demand letter's demand of $29,218.32 in addition to Defendant's request for attorney's fees raised the amount in controversy in the case to more than $75,000. (*Id.* at 4). Judge Lane found that Plaintiffs' assertion that Defendant's attorney's fees are at issue in this case "is not well pled and cannot be used to reach the amount in controversy requirement." (*Id.* at 5). Second, Plaintiffs argued that regardless of

2

attorney's fees, the value of the litigation is greater than $75,000 because a retraction of their acknowledgement form and the requirement that their customers not "market or sell copies or imitations of Magnolia Pearl merchandise of the work of any design that mimics or cheapens the image of Magnolia Pearl" would result in a devaluing of their brand and injury to their customer relationships. (*Id.*). Judge Lane rejected this argument as well, finding that Plaintiffs' "pleaded allegation as to the value of the demanded retraction is entirely conclusory." (*Id.*). Accordingly, Judge Lane recommended that this Court dismiss Plaintiffs' complaint without prejudice for lack of subject matter jurisdiction. (*Id.* at 6).

Plaintiffs timely filed objections to the report and recommendation, objecting to Judge Lane's findings as to both of Plaintiffs' theories of why the amount in controversy requirement is met. (Objs., Dkt. 24). Plaintiffs argue that they properly pled a dispute regarding attorney's fees because their complaint alleges that there is a live dispute about whether Defendant would have been due attorney's fees if Defendant had sued Plaintiffs for defamation and tortious interference under Georgia law. (*Id.* at 2, 4). Plaintiffs also argue that even if attorney's fees were not included, more than $75,000 is at stake in this litigation. (*Id.* at 4). To bolster this argument, Plaintiffs attached to their objections Defendant's Responses to Plaintiffs' First Set of Interrogatories, Requests for Admissions, and Requests for Productions of Documents to Defendant. (Dkt. 24-1). In Interrogatory No. 4, Plaintiffs asked Defendant to identify all damages that it contends it suffered as a result of Plaintiffs' actions. (*Id.*). Defendant responded that it had lost business income in the amount of $96,449.00 and noted that "these amounts will increase as Defendant loses additional current clients over the course of this litigation." (*Id.*). Plaintiffs argue that this discovery response confirms that the amount in controversy requirement is met in this litigation. Accordingly, Plaintiff asks that the Court to reject the report and recommendation. (*Id.* at 3).

Defendant filed a response to Plaintiffs' objections. (Resp., Dkt. 27). Defendant argues that Plaintiffs have failed to demonstrate that at the time they filed their complaint the amount in controversy requirement was met. (*Id.* at 3). Defendant argues that Plaintiffs cannot rely on Defendant's discovery responses because the Court may only look to evidence in existence at the time Plaintiffs filed their complaint in order to determine subject matter jurisdiction. (*Id.* at 4). Accordingly, Defendant urges the Court to adopt the report and recommendation and dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. (*Id.*).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiffs timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

Regarding Plaintiffs' argument that the issue of attorney's fees should be included in the Court's assessment of the amount in controversy, the Court agrees with Judge Lane. The issue of attorney's fees is not well pled in Plaintiffs' complaint, and as such, a hypothetical attorney's fees award cannot be used to reach the amount in controversy. For the reasons stated in the report and recommendation, the Court overrules Plaintiffs' objection on this point and adopts the reasoning in the report and recommendation as its own order.

Next, the Court turns to Plaintiffs' argument that the value of the litigation, aside from attorney's fees, exceeds the amount in controversy. Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000." To determine the amount in controversy, courts generally accept a plaintiff's good faith claim. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009). "But if, from the face of the pleadings, it is apparent, to a

4

legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury*, 303 U.S. at 289; *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

"[W]hen a complaint does not allege a specific amount of damages" and has alleged only "an indeterminate amount of damages" or "bare allegations of jurisdictional facts," the plaintiff "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount," and "[t]he test is whether it is more likely than not that the amount of the claim will exceed" $75,000. *Greenberg*, 134 F.3d at 1253 & n.13 (cleaned up). In doing so, a court may consider both the complaint and "other evidence relevant at the time [that the plaintiff] filed [the] complaint." *Id.* at 1253–54. "[T]he jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *Id.* (cleaned up).

Here, Plaintiffs have failed to provide evidence that demonstrates that the amount in controversy requirement was met at the time that Plaintiffs filed their complaint. In the complaint, Plaintiffs state in a conclusory fashion that subject matter jurisdiction is satisfied because the amount in controversy in the case exceeds $75,000. (Compl., Dkt. 1, ¶ 19). But the only specific amount mentioned in the complaint is the $29,218.32 figure requested in Defendant's demand letter. (*See, e.g.*, *id.* ¶¶ 18, 40). The only other allegation in the complaint that could relate to the value of the litigation—apart from the issue of attorney's fees—stems from Plaintiffs' claim that the litigation could result in Plaintiffs having to issue a retraction of their acknowledgement form, which in turn could impact the value of their business. (*See id.* ¶ 43). The Court agrees with Judge Lane that this

allegation as to the value of the demanded retraction is entirely conclusory and cannot be included in an analysis of the amount in controversy.

Nor is the evidence from Defendant's discovery responses sufficient to prove that the amount in controversy requirement is met. It is true that in resolving motions to dismiss under Federal Rule of Civil Procedure 12(b)(1), courts can weigh evidence outside the complaint in determining if subject matter jurisdiction exists. *See, e.g.*, *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). However, this "other evidence" must have been "relevant at the time [that the plaintiff] filed [the] complaint" because "jurisdictional facts must be judged as of the time the complaint is filed." *Greenberg*, 134 F.3d at 1253–54. Although Defendant's response to Interrogatory No. Four indicates that Defendant has allegedly suffered $96,449.00 in lost business income, there is no indication that Defendant suffered this loss before October 30, 2023—the date the complaint was filed in this case. (*See* Dkt. 24-1). Rather, it is entirely likely that the bulk of this income was lost *after* the complaint was filed, since the demand letter and the complaint only mention a sum of $29,218.32.

Therefore, Plaintiffs have not met their burden of demonstrating that the value of this litigation exceeded $75,000 when the complaint was filed. Because it is possible that the amount in controversy requirement was only satisfied after this case was filed, the Court does not have subject matter jurisdiction over this case, and Defendant's Rule 12(b)(1) motion to dismiss must be granted. *See L & L Oil Co. v. Hugh Mac Towing Corp.*, 859 F. Supp. 1002 (E.D. La. 1994) (granting a motion to dismiss for insufficient jurisdictional amount where a plaintiff's claim did not exceed the amount in controversy at the time plaintiff filed the complaint, though its claim exceeded the amount in controversy at the time the motion was resolved).

For these reasons, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (R. & R., Dkt. 22), is **ADOPTED** for the reasons set forth in the report and recommendation and as further elaborated in this order.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, (Dkt. 7), is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Court will enter final judgment in a separate order.

**SIGNED** on September 16, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE